UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRANCE MAURICE FOMBY,

       Petitioner,

                                 CASE NO. 2:15-cv-12983
v.                                HONORABLE DENISE PAGE HOOD

SHANE PLACE,

       Respondent.
_____/

## ORDER DISMISSING THE PETITION AND DIRECTING THE CLERK TO APPLY THE FILING FEE TO ANOTHER CASE

On August 10, 2015, petitioner Terrance Maurice Fomby filed a *pro se* habeas corpus petition challenging his 2011 Wayne County convictions for first-degree (felony) murder, armed robbery, carjacking, and felony firearm. *See Fomby v. Place*, No. 2:15-cv-12883 (E.D. Mich. Aug. 10, 2015). Petitioner did not pay the filing fee for that action, and on August 19, 2015, United States Magistrate Judge R. Steven Whalen ordered Petitioner to submit either the filing fee of $5.00 or an application to proceed *in forma pauperis* within twenty-one days of his order.

On August 21, 2015, Petitioner filed an identical habeas corpus petition and the filing fee of $5.00. The Clerk of the Court treated the petition as a

new case, assigned it to this Court, and gave it the case number that appears

on this order.

The Court believes that Petitioner probably intended to submit an

additional copy of the habeas petition that he filed on August 10, 2015, and

that he meant for the $5.00 filing fee to be applied to that case.  When faced

with duplicative lawsuits, a federal court

> may exercise its discretion to stay or dismiss the suit before it,
> allow both federal cases to proceed, or enjoin the parties from
> proceeding in the other suit.  *Smith v. SEC,* 129 F.3d 356, 361
> (6th Cir. 1997).
>
> "[S]imple dismissal of the second suit is [a] common
> disposition because plaintiffs have no right to maintain two actions
> on the same subject in the same court, against the same
> defendant at the same time."  *Curtis v. Citibank, N.A.,* 226 F.3d
> 133, 138-39 (2d Cir. 2000); *see also Missouri v. Prudential Health
> Care Plan, Inc.,* 259 F.3d 949, 953-54 (8th Cir. 2001) (joining
> other courts that have held a district court may dismiss one of two
> identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in

original).

This Court has no authority to enjoin Petitioner from proceeding in his

previous case, because that case was assigned to another judge in this

District.  The Court does have "broad discretion in determining whether to

dismiss litigation or abstain in order to avoid duplicative proceedings."  *In re*

*Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)). Given the circumstances here, the logical and most efficient approach to avoiding duplicative proceedings is to dismiss this later-filed case in favor of the case that was filed earlier. Accordingly, in the exercise of discretion,

**IT IS ORDERED** that this case is summarily **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, because the petition in this case was mistakenly treated as a new case, the Clerk of the Court shall apply the filing fee submitted in this case to case number 2:15-cv-12883.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager